**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Civil Case Number: _______________**

| | |
|---|---|
| Vina Hanna, | : |
| Plaintiff, | : |
| vs. | : |
| Maury Cobb, Attorney at Law, LLC; and DOES 1-10, inclusive, | : |
| Defendants. | : |

# COMPLAINT

For this Complaint, Plaintiff, Vina Hanna, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Vina Hanna ("Plaintiff"), is an adult individual residing in Dade City, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as the term as defined by 47 U.S.C. § 153(39).

4. Defendant, Maury Cobb, Attorney at Law, LLC ("Maury Cobb"), is an Alabama business entity with an address of 1827 1st Ave North, Unit 312, Birmingham, Alabama 35203,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as the term as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Collectors") are individual collectors employed by Maury Cobb and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Maury Cobb at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Maury Cobb for collection, or Maury Cobb was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Maury Cobb Engages in Harassment and Abusive Tactics

11. In November 2016, Maury Cobb began calling Plaintiff's cellular telephone, number 813-XXX-0879, in an attempt to collect the Debt from "Jessica Waddle" (the "Debtor").

12. At all times mentioned herein, Maury Cobb called Plaintiff using an automatic telephone dialing system ("ATDS" or "predictive dialer") and using an artificial prerecorded voice.

13. When Plaintiff answered the calls, Maury Cobb played a prerecorded message advising Plaintiff to wait for the next available operator.

14. In or around November 2016, during a live conversation, Plaintiff informed Maury Cobb that the Debtor was unknown to him and unreachable at his number.

15. Despite the foregoing, Maury Cobb continued calling Plaintiff by using a prerecorded voice to collect the Debt.

16. Maury Cobb's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the Debtor's debt on numerous occasions, without being asked to do so.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

20. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

21. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

22. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.***

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Plaintiff never provided her cellular telephone number to Defendant or the Creditor and never provided her consent to be contacted on her cellular telephone.

26. Without prior consent Defendant contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

27. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

28. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

29. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

31. Defendant's telephone system has the capacity to store numbers in a random and sequential manner.

32. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

33. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 20, 2017

Respectfully submitted,

By: */s/ Stan Michael Maslona*
Stan Michael Maslona, Esq.
FL Bar #: 86128
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

smaslona@lemberglaw.com